# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF LESLEE P. LAFFOON, and CHRYSTIAN ANTONIO GUTIERREZ, a minor,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>ADAM CHRISTIANSON, DOCTORS MEDICAL CENTER OF MODESTO, CORRECT CARE SOLUTIONS, STANISLAUS COUNTY SHERIFF-CORONER,<br><br>　　　　　Defendants. | 1:11-cv-00255 AWI GSA<br><br>**ORDER DENYING PETITION FOR APPOINTMENT OF GUARDIAN AD LITEM WITHOUT PREJUDICE**<br><br>(Docket No. 2)<br><br>**ORDER ADDRESSING STANDING OF THE ESTATE OF LESLEE P. LAFFOON** |

On February 15, 2011, Antonio Gutierrez filed a complaint for damages in this Court on behalf of the Estate of Leslee P. Laffoon and Chrystian Antonio Gutierrez, a minor. The complaint asserts seven[1] causes of action, arising, in part, pursuant to Title 42 of the United States Code section 1983. (Doc. 1.) That same date, a Petition for Appointment of Guardian ad

---

[1] The complaint actually presents two "sixth" causes of action, therefore, there are a total of seven claims asserted. (*See* Doc. 1 at 9-10.)

1

Litem was filed. The petition seeks to appoint Antonio Gutierrez as guardian ad litem for his minor son Chrystian Antonio Gutierrez. (Doc. 2.) For the reasons that follow, the petition is DENIED without prejudice.

**DISCUSSION**

A plaintiff must have capacity to sue. "Capacity" refers to a party's personal right to litigate in federal court. *See* Fed.R.Civ.P. Rule 17(b). Similar to federal law, California law requires that minors or incompetents cannot sue in their own names, or defend an action brought against them. Instead, litigation ordinarily must be conducted through a guardian, conservator of the estate, or guardian ad litem. *See* Cal. Fam. Code, § 6601; Cal. Civ. Proc. § 372. A purpose of the guardian ad litem is to protect the minor's interests in the litigation. *Williams v. Superior Court*, 54 Cal.Rptr.3d 13 (App. 4 Dist. 2007). Typically, the next friend or guardian ad litem who sues on behalf of a minor is that minor's parent. *Gonzalez v. Reno*, 212 F.3d 1338, 1351-53 (11th Cir. 2000).

However, a non-attorney parent or guardian cannot bring a lawsuit in federal court on behalf of a minor or incompetent without retaining a lawyer. This is so because the minor's right to trained legal assistance is greater than the parent's right to appear pro se. *See Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997).

Here, the petition to appoint Antonio[2] as guardian ad litem for minor Chrystian cannot be granted because Antonio may not bring an action in federal court on Chrystian's behalf without retaining an attorney. In the event an attorney is retained to represent Chrystian's interests, this Court is not adverse to appointing Chrystian's father, Antonio, as his guardian in the future.

Next, the Court notes that Antonio has also filed the complaint on behalf of the Estate of Leslee P. Laffoon. (S*ee* Doc. 1.) However, a probate or trust estate is not a legal entity. It is simply a collection of assets and liabilities. As such, it has no capacity to sue. Any litigation

---

[2]To avoid confusion, because Antonio and Chrystian share a surname, the Court will refer to them by their first names. No disrespect is intended.

must be maintained by the executor or administrator of the estate who is the real party in interest. *Blue Ridge Ins. Co. v. Stanewich*, 1421 F.3d 1145, 1150 (9th Cir. 1998); *Karras v. Teledyne Industries, Inc.*, 191 F.Supp.2d 1162, 1170-73 (S.D. Cal. 2002) ("An estate or trust is not a legal entity and is without capacity to sue . . . "); *Tanner v. Best*, 40 Cal.App.2d 442, 445, 104 P.2d 1084 (1940); *see also* Local Rule 183(a) ("A corporation *or other entity* may appear only by an attorney").

Therefore, the only party capable of bringing suit on behalf of the Estate of Leslee P. Laffoon is the executor or administrator of the estate. Even assuming for the sake of argument that Antonio is the executor of the estate, he could not act as both counsel for Chrystian and as the real party in interest for the estate.

Antonio is strongly encouraged to seek the assistance of an attorney as the legal issues addressed herein may be complicated for a nonattorney.

## ORDER

The Petition for Appointment of Guardian ad Litem is DENIED without prejudice to re-filing the petition at a later date when Chrystian is represented by an attorney.

Additionally, because the standing issues raised herein must be addressed as outlined above, the Clerk of the Court is directed to refrain from issuing any summons at this time.

Finally, Antonio SHALL file a written status report with this Court, **no later than March 31, 2011**, addressing these issues. Specifically, Antonio shall advise the Court of his efforts to retain an attorney to represent Chrystian's interests, as well as the representative status of the Estate of Leslee P. Laffoon.

IT IS SO ORDERED.

Dated:   **February 22, 2011**                    **/s/ Gary S. Austin**
                                                         UNITED STATES MAGISTRATE JUDGE

3