# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF LESLEE P. LAFFOON, and CHRYSTIAN ANTONIO GUTIERREZ, a minor,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>ADAM CHRISTIANSON, DOCTORS MEDICAL CENTER OF MODESTO, CORRECT CARE SOLUTIONS, STANISLAUS COUNTY SHERIFF-CORONER,<br><br>　　　　　Defendants. | 1:11-cv-00255 AWI GSA<br><br>**ORDER TO SHOW CAUSE** |

　　　Pursuant to this Court's February 22, 2011, order, Antonio Gutierrez - a non-attorney who sought to represent the named Plaintiffs in this action - was to file a "written status report with this Court, **no later than March 31, 2011** . . .," addressing the legal representation of minor Plaintiff Christian Antonio Gutierrez, as well as that of named Plaintiff the Estate of Leslee P. Laffoon. (Doc. 3 at 3.) However, as of this date, Mr. Gutierrez has failed to comply with this Court's Order.

1

1  Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these
2  Rules or with any order of the Court may be grounds for imposition by the Court of any and all
3  sanctions . . . within the inherent power of the Court." District courts have the inherent power to
4  control their dockets and "in the exercise of that power, they may impose sanctions including,
5  where appropriate . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th
6  Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute
7  an action, failure to obey a court order, or failure to comply with local rules. *See, e.g. Ghazali v.*
8  *Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik*
9  *v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an
10 order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir.
11 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court
12 apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal
13 for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir.
14 1986) (dismissal for failure to lack of prosecution and failure to comply with local rules). In
15 determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or
16 failure to comply with local rules, the court must consider several factors: (1) the public's interest
17 in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of
18 prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits;
19 and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779
20 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.
21 Antonio Gutierrez is hereby **ORDERED** to show cause, if any, why the action should not
22 be dismissed for his failure to obey this Court's previous order. Mr. Gutierrez shall personally
23 appear at the hearing on this Order scheduled for **Wednesday, April 27, 2011 at 10:30 a.m. in**
24 **Courtroom 10** of this Court.
25 //
26 //
27
28

1  Failure to respond to this Order to Show Cause will result in a recommendation for
2  dismissal of this action.

   IT IS SO ORDERED.

   Dated:   April 4, 2011                        /s/ Gary S. Austin
                                            UNITED STATES MAGISTRATE JUDGE