# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF LESLEE P. LAFFOON, and CHRYSTIAN ANTONIO GUTIERREZ, a minor,<br><br>                    Plaintiffs,<br><br>        v.<br><br>ADAM CHRISTIANSON, DOCTORS MEDICAL CENTER OF MODESTO, CORRECT CARE SOLUTIONS, STANISLAUS COUNTY SHERIFF-CORONER,<br><br>                    Defendants. | 1:11-cv-00255 AWI GSA<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS THIS ACTION FOR A FAILURE TO OBEY COURT ORDER** |

**RELEVANT PROCEDURAL BACKGROUND**

On February 15, 2011, Antonio Gutierrez, a non-attorney, filed a civil rights complaint seeking damages on behalf of the Estate of Leslee P. Laffoon and Chrystian Antonio Gutierrez, a minor.  (Doc. 1.)  That same date, Antonio Gutierrez filed a Petition for Appointment of

1

Guardian ad Litem, seeking to act as guardian ad litem for his minor son, Chrystian Antonio Gutierrez.[1]  (Doc. 2.)

On February 22, 2011, this Court issued an order denying the petition without prejudice. As the Court explained, Antonio cannot act as his minor's son's attorney and in the capacity of his son's guardian ad litem.  Further, the Court indicated it was not adverse to appointing Antonio as his son's guardian were the minor to become represented by counsel.  (Doc. 3 at 2.) Additionally, the Court addressed the standing of named Plaintiff the Estate of Leslee P. Laffoon. Because an estate is not a legal entity, it has no capacity to sue.  As a result, Antonio was advised that only the executor and administrator of an estate can bring suit on behalf of an estate.  Even assuming Antonio was the executor, the Court explained that he could not act on behalf of both his minor son and the estate. (Doc. 3 at 2-3.)  In conclusion, after encouraging Antonio to seek the assistance of an attorney, the Court ordered that Antonio "filed a written status report . . . **no later than March 31, 2011**," addressing the issues raised by the Court and regarding "his efforts to retain an attorney to represent Chrystian's interests, as well as the representative status" of the estate. (Doc. 3 at 3, emphasis in original.)

When Antonio failed to file a written status report as ordered, this Court issued an Order to Show Cause on April 4, 2011.  (Doc. 4.)  Antonio was ordered to show cause why the action should not be dismissed for a failure to obey a court order; he was ordered to be personally present at the hearing set for April 27, 2011, at 10:30 a.m. in Courtroom 10.  (Doc. 4 at 2.)

On April 27, 2011, Antonio failed to appear.  The matter was called and the Court expressly noted Antonio's failure to personally appear as previously ordered.

**DISCUSSION**

---

[1] Once again, to avoid confusion, because Antonio and Chrystian share a surname, the Court will hereinafter refer to them by their first names.  No disrespect is intended.

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See*, *e.g. Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local rules).  In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal, as this case has been pending since February 15, 2011, and yet there is no indication that Plaintiffs intend to prosecute this action.  The third factor, risk of prejudice, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an

action.  *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein.

Finally, a court's warning to a party that his failure to obey the Court's order will result in dismissal satisfies the "consideration of alternatives" requirement.  *Ferdik v. Bonzelet*, 963 F.2d at 1262; *Malone*, 833 at 132-33; *Henderson*, 779 F.2d at 1424.  This Court's April 4, 2011, order provided that a "[f]ailure to respond to this Order to Show Cause will result in a recommendation for dismissal of this action."  (*See* Doc. 4 at 3.)  Thus, Plaintiffs, through Antonio, have had adequate warning that dismissal would result from noncompliance with the Court's order.

**RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that this action be DISMISSED for a failure to comply with a court order.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to Title 28 of the United States Code section 636(b)(1)(B) and this Court's Local Rule 304.  Within thirty (30) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to Title 28 of the United States Code section 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **April 27, 2011**            /s/ **Gary S. Austin**
                                       UNITED STATES MAGISTRATE JUDGE

4